UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LATIN MARKETS BRAZIL, LLC D/B/A MARKETS
GROUP,

                        Plaintiff,                             18 CIV. NO. 02089

       -against-

                                                          AMENDED COMPLAINT

PABLO OLIVEIRA,

                        Defendant.
------------------------------------------------------------------x

LATIN MARKETS BRAZIL, LLC D/B/A MARKETS GROUP (hereinafter "Plaintiff"), for its amended complaint against Defendant Pablo Oliveira by its attorneys Law Office of Imke Ratschko by Jonathan Wallace, states and alleges as follows:

    1.      Plaintiff is a limited liability company duly organized under the laws of the State of New York with its principal place of business at 44 East 32nd Street, New York, N.Y.

    2.      Defendant Pablo Oliveira is an individual residing in New York, New York.

    3.      Venue and jurisdiction are proper because Defendant Oliveira performed services for Plaintiff in New York County, and signed an Employment Agreement with Plaintiff dated January 8, 2013 (the "Employment Agreement") accepting jurisdiction in New York County.

## FACTS

    4.      Plaintiff is an executive forum provider which has organized more than 70 conferences in over 20 countries.

5. Plaintiff possesses an extensive list of client connections and such customer lists and client connections are the result of years of compiling and developing such lists by Plaintifff and they are a cornerstone of Plaintiff's business, not available to the public or ascertainable outside of Plaintiff's business.

6. Plaintiff takes great care of protecting the confidentiality and secrecy of its lists by, among other measures, entering into confidentiality, non-solicit and non-competition agreements with its employees and consultants and enforcing such agreements when they are being breached by current or former employees or consultants. Plaintiff's customer lists constitute a trade secret.

7. Defendant commenced employment with Plaintiff on or about January 8, 2013after executing the Employment Agreement with Plaintiff.

8. During Defendant's employment with Plaintiff, he was promoted to Head of the "Institutional Real Estate Forum" team, with total compensation, salary and bonus, of about $125,000 *per annum.*

9. Defendant's duties included managing other members of the team and selling Plaintiff's Institutional Real Estate Forum to clients.

10. Defendant duly signed the Employment Agreement, which included non-competition, non-solicitation and confidentiality provisions.

11. In a section entitled "Duty of Confidentiality", Defendant agreed, during his employment and thereafter, to refrain from using or divulging to any person any confidential and proprietary information of Plaintiff.

12. In a section entitled, "Company Documents", Defendant agreed to not remove any company documents or other company property and information upon his termination and not to

use any such document or information for any purpose other than the advancement of Plaintiff's interests. The section explicitly states that such documents include "contact lists (whether written, electronic, digital or otherwise)."

13. In a section entitled "Non-Solicitation of Clients and Contacts", the Agreement provides that Defendant agrees that during his employment and for 12 months thereafter regardless of the basis for his separation of employment, he will not solicit the business of or perform any services for any client of Plaintiff related to the services he performed for the client or for Plaintiff, whereby "client" is defined as any actual or prospective client of Plaintiff.

14. In a section entitled "Non Competition", the Agreement provides that Defendant, during his employment and for a period of twelve months thereafter regardless of the basis of his separation of employment, he will not, directly or indirectly, render any service, assistance or advice related to the duties he performed for Plaintiff to any business, person, or entity which is in competition with Plaintiff.

15. Defendant Oliveira resigned from Plaintiff's employ on or about September 23, 2016.

16. Shortly after his departure, and within 12 months thereafter, Defendant Oliveira engaged in various conduct in breach of the Agreement by, among other activities, (i) using Plaintiff's confidential and proprietary information, such as client lists, to solicit real estate event business for himself from the clients contained on such lists (including from clients he had previously worked with while employed by Plaintiff), (iii) competing with Plaintiff by engaging in business activities directly in competition with Plaintiff's real estate forum business activities.

17. Within 12 months after leaving Plaintiff's employ, Defendant solicited client companies he knew from his employment at Plaintiff to participate in a competing event he was organizing.

18. Defendant was successful in these solicitations, and a number of Plaintiff's clients have since participated in Defendant's events, to his financial benefit.

19. By reason of Defendant's breaches of the Employment Agreement, Plaintiff suffered damages in an amount to be determined at trial but not less than $400,000.

## FIRST CAUSE OF ACTION
### Breach of Employment Agreement

20. Plaintiff incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff and Defendant entered into the Employment Agreement, which is valid and enforceable.

22. Plaintiff performed all of its obligations under the Employment Agreement.

23. Defendant breached numerous provisions of the Employment Agreement as set forth in more detail above.

24. As a result of the breaches, Plaintiff has sufffered, and continues to suffer, damages in an amount to be determined at trial, but no less than $400,000.

## SECOND CAUSE OF ACTION
### Misappropriation of Trade Secret

25. Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff possesses valuable trade secrets, one of which is its customer lists.

27. Defendant had access to such customer lists and used such lists after his departure from Plaintiff in breach of an explicit Employment Agreement containing duties of confidentiality and non competition and for his own gain.

28. As a result, Plaintiff has sufffered, and continues to suffer, damages in an amount to be determined at trial, but no less than $400,000.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $400,000, the exact amount to be proven at trial, and such other and further relief as this Court may deem appropriate, together with the costs of this action.

DATED: New York, N.Y.
June 7, 2018

/s/ Jonathan Wallace
_____
Jonathan Wallace
Law Office of Imke Ratschko
30 Broad Street, 14th floor
New York, N.Y. 10004
917-359-6234
jwallace@ratschko.com