UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LATIN MARKETS BRAZIL, LLC D/B/A MARKETS GROUP,

                           Plaintiff

Case No. 18-cv-02089-GHW-RWL

-against-

PABLO OLIVEIRA,

                           Defendant.
-------------------------------------------------------------------x

**UNDISPUTED STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 OF DEFENDANT PABLO OLIVEIRA[1]**

Pursuant to Local Rule 56.1, Defendant Pablo Oliveira submits the following Undisputed Statement of Material Facts in support of his motion for summary judgment to dismiss Plaintiff Latin Markets Brazil, LLC D/B/A Markets Group's claims against him.

**The Parties**

1. Plaintiff Latin Markets Brazil, LLC D/B/A Markets Group ("LMB") is a limited liability company duly organized under the laws of the State of New York with its principal place of business at 44 East 32nd Street, New York, New York. Amended Complaint, at ¶ 1, annexed herein as Exhibit ("Ex.") A.

2. Defendant Pablo Oliveira ("Mr. Oliveira") is an individual currently residing in Florida, and a former resident of New York State. Oliveira Tr. pp. 4:14-15, annexed herein as Exhibit F.

---

[1] References to Deposition transcripts, page and line numbers are noted as follows: Timothy John Raleigh, Ex. D – TJR Tr. pp. 1:5-10; Adam James Raleigh, Ex. E – AJR Tr. pp. 1:5-10; Pablo Oliveira, Ex. F - Oliveira Tr. pp. 1:5-10.

3.  LMB is an executive forum provider. Amended Complaint, at ¶ 4, Ex. A.

4.  Adam James Raleigh ("CEO" or "AJR") has been LMB's Chief Executive Officer from 2009 through the present date. Timothy John Raleigh ("CFO" or "TJR") is LMB's Chief Financial Officer. See Ex. D, TJR Tr. 33:7-10, Ex. E – AJR Tr. pp. 101:10-12.

**Employee Offer Letter dated January 18, 2013.**

5.  Mr. Oliveira signed a five page offer of employment, on the letterhead of Latin Markets Brazil, dated January 18, 2013. Employee Offer Letter ("Offer Letter") annexed herein as Ex. C.

6.  The letter offered Mr. Oliveira compensation of $10.00 per hour. The letter did not contain a list and/or description of Mr. Oliveira's job duties and responsibilities. Offer Letter at pg. 1, Ex. C.

7.  The letter stated the following:

…is not intended to be and should not be construed as creating a contract guaranteeing employment for any specific duration. You understand and agree that the relationship between you and LMB is one of at will employment. Offer Letter at pg. 1, Ex. C.

8.  The letter contained a list of covenants, including a "non-solicitation of clients and contacts" and a "non-competition." The letter did not contain a definition of the term "solicit," "competitor," "service", "duties" and "competition." Offer Letter at pgs. 3-4, Ex. C.

9.  The letter did not state and/or identify the compensation that Mr. Oliveira would receive in exchange for compliance with the above covenants. Offer Letter, Ex. C.

10. The covenants did not state and/or identify a geographic scope. Offer letter at pgs. 3-4, Ex. C.

**Mr. Oliveira's Employment by LMB.**

11.     Mr. Oliveira was employed by LMB from January 2013 to September 2016. Declaration of Pablo Oliveira ("Oliveira Declaration") at ¶ 12. See Ex. F - Oliveira Tr. pp. 27:19-21.

12.     During his employment at LMB, Mr. Oliveira used publicly available internet websites, Google and LinkedIn to perform his job and collect data (i.e individual's name, company name, telephone number, company address and email address). See Ex. F – Oliveira Tr. pp. 33:19 - 34:7, Ex. D - TJR Tr. pp. 80:23 – 81:4, Oliveira Declaration at ¶ 16

13.     LMB used competitor's lists to formulate its own customer lists. Additionally, LMB induced its employees to obtain competitor's lists and offered to pay them $200.00 for each list that was obtained. A copy of AJR's email dated June 17, 2015 is annexed herein as Ex. K, Ex. D - TJR Tr. pp. 83:9-21, Ex. E – AJR Tr. pp. 116:20-24, 119: 3-11.

14.     LMB's "customer lists" and data were stored and maintained on Excel spreadsheets. See Ex. F – Oliveira Tr. pp. 94:18-20.  The spreadsheets were not marked "confidential" or "proprietary." Oliveira Declaration at ¶ 15.

15.      LMB did not provide a cell phone to Mr. Oliveira.  On certain occasions, he was required by LMB to use his personal cell phone to send emails, which included LMB data and "customer information." See Ex. F – Oliveira Tr. pp. 115:12-15; 116:14-17; Ex. E – AJR Tr. pp. 163: 22 – 164:5 (employees used their personal phones for work related e-mail).  These emails were not marked "confidential" or "proprietary." Oliveira Declaration at ¶ 16.

16.      Mr. Oliveira never removed hard copies of LMB "customer lists" or other data or downloaded LMB "customer lists" or other data to his personal email, computer or any other electronic device, at any time during his employment with LMB. See Ex. F – Oliveira Tr. pp. 114:14 -115:5, 117:2-15, Oliveira Declaration at ¶ 17.

17. Before he forwarded his notice of resignation to LMB, on September 22, 2016, TRJ sent an email to Mr. Oliveira that stated that **"I will fucking kill you if you go to work with Will and Charles."** Will and Charles were former LMB employees that started their own company. A copy of TJR's email dated September 22, 2016 is annexed herein as Ex. G, Oliveira Declaration at ¶ 19.

18. On September 23, 2016, Mr. Oliveira spoke to TJR about his resignation, and he was told that **"a non-competition clause is used to jam the person up,"** and that the cost to defend a non-compete lawsuit **"is going to hurt a person more than a company."** See Ex. D – TJR Tr. pp. 160:18-21, 162: 9-16, Oliveira Declaration at ¶ 21.

19. In September 2016, Mr. Oliveira resigned from his position with LMB. A copy of Mr. Oliveira's resignation letter is annexed herein as Ex. H, Oliveira Declaration at ¶ 18.

20. On September 2016, Mr. Oliveira founded LinkBridge Investors LLC ("LinkBridge"), an investor relations company incorporated in the State of New York. See Ex. F – Oliveira Tr. 97:13-16, 98:18-21. Oliveira Declaration at ¶ 22.

21. In May 2018, LinkBridge ran their first conference, the Global Investor Annual Meeting. See Ex. F – Oliveira Tr. pp. 100:11-13. Oliveira Declaration at ¶ 23.

22. Prior to the event, Mr. Oliveira and his staff built lists of names for the event from Google and LinkedIn searches. See Ex. F – Oliveira Tr. pp. 139:18-25, Oliveira Declaration at ¶ 24.

23. Mr. Oliveira also purchased "lists and leads" from an outside company. See Ex F – Oliveira Tr. pp. 142:14-25.

24. Since Mr. Oliveira did not have hard copies or electronic copies of LMB's "customer lists" or other data in his possession or control, he did not use them to build lists of names and contact information for the May 2018 event or any other event. See Ex. F – Oliveira Tr. pp. 114:14 - 115:5, Oliveira Declaration at ¶ 25.

25. On January 10, 2018, LMB commenced a lawsuit against Mr. Oliveira in Supreme Court, New York County alleging two causes of action; a) non-competition; and b) non-solicitation. On or about March 8, 2018, Defendant filed a Notice of Removal for the Supreme Court action to be removed to the United Stated District Court of the Southern District of New York. Docket Entry 1.

26. On or about June 8, 2018, LMB filed an Amended Complaint alleging two causes of action; (a) breach of employment agreement and b) misappropriation of trade secret. Amended Complaint, Ex. A.

27. On or about June 13, 2018, Mr. Oliveira filed an Amended Answer denying the material allegations of the Amended Complaint. A copy of the Amended Answer is annexed herein as Ex. B.

28. Depositions of the parties were taken pursuant to Fed. R. Civ. P. 30(b)(6) and were held on the following dates: TJR on March 6, 2019; AJR on March 12, 2019; and Mr. Oliveira on March 14, 2019. See Ex. D for a copy of the deposition transcript of TJR, Ex. E for a copy of the deposition transcript of AJR, and Ex. F for a copy of the deposition transcript of Mr. Oliveira.

29. Pursuant to the Court's Order dated January 29, 2019, all discovery was to be completed no later than March 15, 2019. Docket Entry 38.

30. According to the Amended Complaint, for each cause of action, Plaintiff suffered damages in an amount not less than $400,000.00. Amended Complaint at ¶¶ 24, 28, Ex. A.

31. LMB could not provide a damages calculation for a violation of the non-solicitation and the misappropriation of trade secrets claims in the Amended Complaint. See Ex. D – AJR Tr. pp.145:23 - 146:6; 194:3-7.

32. LMB did not detail and itemize the calculation of its alleged damages in its Rule 26 Disclosure and its Response to Interrogatories. A copy of the Rule 26 Disclosure is annexed herein as Ex. I. A copy of LMB's Response to Mr. Oliveira's First Set of Interrogatories is annexed herein as Ex. J.

33. LMB testified that investors do not pay to attend its events. See Ex. J, at Interrogatory number 3.

34. LMB has no evidence Mr. Oliveira took hard copies of customer lists, and/or downloaded customer lists to his personal email or any electronic device during his employment with LMB. See Ex. E – AJR Tr. pp. 143:4-7.

35. LMB has no evidence of an eyewitness to Mr. Oliveira physically removing LMB's trade secrets from the office. See Ex. E – AJR Tr. pp. 94:13-18.

36. LMB has no exclusive contracts with any of its alleged "clients" (i.e. sponsors). See Ex. D – TJR Tr. pp. 175:25 - 176:3.

37. LMB was unable to identify which "clients" are no longer participating in their events, and which participated in Mr. Oliveira's events. See Ex. E – AJR Tr. 106:8-12, 112:22 - 113:4, 154:20 -155:11, 157:21-25.

38. In its First Set of Interrogatories, Defendant requested a list of LMB's Institutional Real Estate Forum Clients (prospective and actual) for 2013-2017 and names of LMB's clients that Mr. Oliveira "provided services." LMB objected, and refused to provide the requested client information. See Ex. J, at Interrogatories numbered 8 and 20.

Dated: New York, New York
April 29, 2019

Respectfully submitted,

RISMAN & RISMAN, P.C.

*Jeffrey Risman*
Jeffrey Risman, Esq.
Attorneys for Defendant
30 Vesey Street, 6th Floor
New York, NY 10007
(212) 233-6400