# Exhibit H

# Law Office of Imke Ratschko

30 Broad Street, 14th Floor
New York, New York 10004
Phone: 212 253-1027
Fax: 646 355-1950

Imke Ratschko, Esq.
Jonathan Wallace, Esq.

January 17, 2019

<u>Via ECF</u>
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan -United States Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

     Re: Latin Markets Brazil, LLC v. Pablo Oliveira, 18-cv-02089-GHW-RWL

Dear Magistrate Lehrburger:

  This is in response to defendant counsel's letter requesting a Rule 37 conference, filed today.

  I am attaching an email we obtained a few days ago from another source which clearly shows communication by defendant Oliveira with Vivaris, a client of Plaintiff, during the one year period after Mr. Oliveira terminated employment with Plaintiff. This document, and some others we just obtained, were never produced by the defendant during discovery, though clearly responsive to our demand. This leads me to believe that there are numerous other responsive documents which were not produced.

  Upon obtaining these documents, I informally emailed Mr. Risman informing him that his client appeared to me to have intentionally withheld a significant number of responsive documents showing solicitation of Plaintiff's clients during the relevant time period.

  I have been an attorney for going on 38 years. When a lawyer is informed that his client may have intentionally withheld significant discovery, the usual response is "Not that I know of—let me look into it". Mr. Risman's response has been to counter-accuse us of sanctionable violations, and in general to "work the rules" in every way short of actually offering to investigate and respond.

  In an exchange of emails with Mr. Risman, I reiterated a wish to work this out informally before we start talking of sanctions or involving Your Honor. When as of last night, Mr. Risman

had not offered to investigate or even discuss the discovery deficiency, I informed him that I felt my best choice in protecting my client's interests would be by drafting and serving on him a letter under Rule 37 calling for the production of the withheld documents. I asked that we defer our phone conversation one day so I could email him the letter first.

I was not highly surprised, however, that instead of waiting for the letter and re-scheduling our phone call, he wrote to Your Honor as he has done at every turn. Mr. Risman reminds me of the lawyer the Court described in *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 2017 U.S. Dist. LEXIS 70756 (SDNY 2017) : "[W]hat we have here strikes the Court as inexcusably hypertechnical nit-picking, a misplaced belief that stubbornly refusing to give an inch is the best way to represent a client, and a misguided, scorched-earth attitude that led counsel to cross the line from appropriately zealous advocacy into unreasonable conduct".

I have handled far larger, more complex cases in which my adversary and I succeeded in resolving all outstanding discovery issues without resort to Court intervention. I have not in recent years had a case in which an attorney so clearly signaled his desire to use the rules to avoid cooperation—or asked for so many conferences in so short a time.

I would also note that, although I am not serving a Safe Harbor letter yet, Mr. Risman seems to be entering Rule 11 territory, to the extent that Mr. Risman continues to sign papers filed with this Court denying that communication with Plaintiff's clients took place during the one year period. In his letter filed this morning, Mr. Risman claimed that our assertions as to unproduced documents were "baseless" and also asserted that he and his client have "fully complied with this Court's Orders", both assertions I suspect he knows are not true.

With regard to the assertions made in Mr. Risman's letter regarding our service of discovery after January 2, we are happy to discuss technical issues and scheduling problems which interfered over the holidays and which made it difficult to complete all remaining discovery by the day after New Years'. (By the way, both my partner and I left the last conference before Your Honor thinking that the deadline was January 12, not 2, which would have given us a bit more post-holiday time.) Defendant has suffered no prejudice whatever from this brief delay. Also, by attempting to elevate the issue of our minor lateness over what appears to be a willful withholding of relevant documents, it could be said that Mr. Risman is asking this Court to examine the "mote" in our eye rather than the "beam" in his.

Although Plaintiff would have preferred to continue the meet and confer process with a reasonable and willing adversary, we stand ready again to attend a conference to discuss all discovery matters.

Sincerely,

*Jonathan Wallace*

Jonathan Wallace, Esq.

# Law Office of Imke Ratschko

30 Broad Street, 14th Floor
New York, New York 10004
Phone: 212 253-1027
Fax: 646 355-1950

Imke Ratschko, Esq.
Jonathan Wallace, Esq.

January 27, 2019

<u>Via ECF</u>
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan -United States Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

Re: Latin Markets Brazil, LLC v. Pablo Oliveira, 18-cv-02089-GHW-RWL

Dear Magistrate Lehrburger:

I am counsel to Plaintiff and am following up on correspondence filed by counsel for both parties on January 17.

I would prefer not to be sending so much discovery related correspondence to the Court, but an unreasonable position the defendant's counsel appears to be taking leaves me no choice.

The parties appear to be deadlocked over a somewhat simple issue. After previous "meet and confer" sessions and conferences before Your Honor, Plaintiff revised its document request to ask for all documents relating to a list of Plaintiff client companies set forth on an "Exhibit A", created between September 23, 2016 and September 23, 2017. For convenience, I am attaching Exhibit A to this letter. Defendant then produced documents, which contained only a few dated during that range.

In contacts with a non-party, we obtained documents which fit the above-description which Defendant had not produced. In a series of emails back and forth about this, Defendant's counsel expressed no surprise, never promised to investigate, and continually tried to re-direct the conversation back to what he perceived to be Plaintiff's deficiencies in discovery.

Both parties then wrote to Your Honor requesting a conference.

  Defendant's counsel has now taken a position in email dated January 23 that documents relating to Defendant's communications with Exhibit A companies during the one year date range need not be produced because "it is completely irrelevant to this case".

  Note that counsel is not claiming that these documents are not relevant to our request—he is unilaterally determining, without seeking a protective order, that they are not relevant to this action, *regardless* of the document request.

  Counsel also seeks to schedule deposition dates, but it is our position that we cannot effectively depose his client until all documents have been produced.

  Under the circumstances, we would like to schedule a conference before Your Honor to discuss a motion to compel compliance; a reset of all discovery dates; and whether this case should be upgraded to ediscovery so that Plaintiff can have assurances that everything responsive is produced (or at least, access to meta-data to determine if anything has been deleted or changed).

            Sincerely,

            Jonathan Wallace, Esq.

Exhibit A to PLAINTIFF'S REVISED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Abu Dhabi National Insurance Company (UAE)
AIMA
Alan Biller & Associates
American Real Estate Partners
Amherst
Argus Energy Managers
Arlington Family Office
Baird
Bel Air Investment Advisers
Bermuda Business Development Agency
Blackstone
Cadre
CAIA Association
CalPers
Cambridge Associates
Canterbury Consulting
Capital Innovations
The Carlyle Group
Catalina Holdings
Catterton
Centurion
Centurion Asset Management
CFA Society Portugal
The Church Pension Fund (USA)
CIFC Asset Management
ColCapital
Dayn Advisors
Deloitte & Touche LLP
Desciplina [?]
Deutsche Bank
Disciplina Group
Emirates Investment Authority (UAE)
Encap Investments LP
Equity International
EurekaHedge
Flasco Brasil [?]
Franklin Templeton Investments
Fund Evaluation Group
GenSpring
GlobeOne
Griffin Capital
Grupo Vitalmed

Guardian Life
The Guardian Life Insurance Company of America
HDN Family Office
Hedge Fund Alert
HedgeConnection
Helmsley
The Hemsley Charitable Trust
Holdun Family Office
Houston Firefighters' Relief and Retirement Fund
IBEF
IFC Advisors
Ironbridge Wealth Counsel
Joint Retirement Investment Board
KeelPoint Wealth Management
Keystone
Korea Investment Corporation (South Korea)
LBA Advisors
M&A McKenzie & Associates
Machado Meyer
Mainstay Investments
Marquette Associates
Maryland Teachers & State Employees Retirement Plans (USA)
Mercer Investment Consulting
MGG Investment Group
MSF Capital Advisors
Nationwide Mutual Insurance Company
Neuberger Berman
State of Nevada
Newport Capital Partners
Office of New York City Comptroller (USA)
New York Life Mainstay Investment
New York State Common Retirement Fund (USA)
North American Development Group
Northern Trust
Okayama Metal and Machinery Pension Fund (Japan)
OPIC
Overseas Private Investment Corporation
Oxford Business Group
Pactolus Private Wealth Management
Parkview Financial
Peninsula House
Perella Weinberg Partners
Persi
Polsinelli
Portage Partners

Presima
Prequin
PB Private Banking
Protégé Partners
Quilvest
Regents of the University of California
RCLCO Advisors
Real Estate Alert
Richardson GMP
Riverkeys Advisors
Robbins Geller Rudman & Dowd
Russell Investments
RVK
SDI/Gestao
San Francisco Employee Retirement System
City of San Jose Retirement System
Segal Marco Advisors
Seven Bridges Advisors
Silicon Valley Community Foundation
Smithsonian Institute
Soros
City of Stamford
StepStone
T5 Family Office
Temasek (Singapore)
Texas Municipal Retirement System
Texas Tech University
Texas Treasury Safekeeping Trust Company
TIAA
Timberland Investment Resources
Townsend Group
TreeCorp
University System of Maryland Foundation
US Trust
Utimco
Vertex
Vickers Venture Partners
Vivaris Ltd.
Willis Towers Watson
Wilshire Associates