**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

LATIN MARKETS BRAZIL, LLC D/B/A MARKETS
GROUP,

                                  Plaintiff

                                                              18-cv-02089-GHW-RWL

-against-

PABLO OLIVEIRA,
                                 Defendant.
-------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
# PABLO OLIVEIRA'S MOTION FOR SUMMARY JUDGMENT

                                                         **RISMAN & RISMAN, P.C.**
                                                         By: Jeffrey Risman, Esq.
                                                         30 Vesey Street, 6th Floor
                                                         New York, NY 10007
                                                         (212) 233-6400

                                                         *Counsel for Defendant, Pablo Oliveira*

# TABLE OF CONTENTS                           Page

TABLE OF AUTHORITIES        i

ARGUMENT

    I.      LMB FAILED TO REFUTE THAT THE NON-COMPETE AND
            THE NONSOLICITATION PROVISIONS WERE UNENFORCEABLE    1-2

    II.     LMB'S DAMAGE CALCULATION IS COMPLETELY SPECULATIVE
            AND IMPROPER    3-4

          A.   LMB's THEORY OF LOST PROFITS IN ITS OPPOSITION
                PAPERS MUST BE STRICKEN    4-5

          B.   LMB DID NOT ESTABLISH THAT THE PARTIES AGREED
                TO LOST PROFITS IN THE EVENT OF A BREACH    5

    III.    LMB HAS NOT PROFFERED ANY EVIDENCE THAT IT
            POSSESSED TRADE SECRETS, MAINTAINED TRADE SECRETS,
            AND/OR THAT MR. OLIVEIRA MISAPPROPRIATED TRADE SECRETS    6-7

    IV.    LMB's FRIVOLOUS REQUEST FOR DISCOVERY UNDER
            RULE 56(d) SHOULD BE DENIED IN ITS ENTIRETY    7

          A.   LMB NEGLIGENTLY FAILED TO PURSUE DISCOVERY IN A TIMELY
                MANNER, AND THEREFORE, MUST BE PRECLUDED
                FROM DOING SO AT THIS TIME    7-9

          B.   LMB FAILED TO ESTABLISH THE PROCEDURAL
                REQUISITES FOR RULE 56(d) RELIEF    9-10

CONCLUSION    10

**TABLE OF AUTHORITIES**            **Page**

**Cases**

*Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151–52 (2d Cir. 2016)     10

*Aqualife Inc. Leibzon*, 50 Misc.3d 1206(A) (Sup.Ct Kings Co. 2016)     1

*Ashland Mgm't Inc. v. Janien,* 82 N.Y.2d 395, 405-406, 604 N.Y.S.2d 912 (1993)     3

*Hoffmann v. Airquip Heating & Air Conditioning*, 480 F. App'x 110, 112 (2d Cir. 2012)     10

*Kenford Co. v. County of Erie*, 67 N.Y.2d 257 at 261, 502 N.Y.S.2d 131 (1986)     3

*Lunts v. Rochester City School District*, 515 F. App'x 11, 13–14 (2d Cir. 2013)     10

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994)     10

*Paul Kadair, Inc. v. Sony Corp. of America,* 694 F.2d 1017 (5th Cir. 1983)     9

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp*, LLC, 813 F. Supp. 2d 489 (S.D.N.Y. 2011)     3

*Reed, Roberts Assocs, Inc. v. Strauman*, 40 N.Y.2d 303 (1976)     1

*SEC v. Spence Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir. 1980)     9

*Sura v. Zimmer Inc.,* Case No. 18-1464 (2d Cir. 2019)     7

**Rules**

Fed. R. Civ. P. 56(d)     7, 9, 10

Mr. Oliveira submits this Reply Memorandum of Law in Further Support of his Motion for Summary Judgment to dismiss LMB's breach of employment agreement and misappropriation of trade secret claims.[1]

**ARGUMENT**

I. **LMB FAILED TO REFUTE THAT THE NON-COMPETE AND THE NON-SOLICITATION PROVISIONS WERE UNENFORCEABLE**

In its moving papers, Mr. Oliveira asserted that the non-compete provision was unenforceable, and therefore, the breach of agreement claim must be dismissed. More specifically, Mr. Oliveira asserted that it was intended to unlawfully bind a low-wage worker, was overly broad, lacked any specificity, was unsupported by consideration, was not designed to protect trade secrets, and there was no geographic scope in said provision.[2] In its opposition papers ("Opp. Papers,") LMB failed to refute this argument, and therefore, the breach of contract claim must be dismissed in its entirety.

In his moving papers, Mr. Oliveira also asserted that the non-solicitation provision was unenforceable, and therefore the breach of agreement claim must be dismissed. More specifically, Mr. Oliveira asserted that the overly broad provision improperly applied to "clients" who he had "access" to allegedly "confidential and proprietary information," during the course of his employment…and that based upon this language, Mr. Oliveira would be unreasonably prohibited from soliciting thousands of investors, sponsors, delegates, speakers, investment companies, suppliers, and vendors, which would be an undue hardship, and prevent him from gainful

---

[1] The defined terms in the moving Brief in Support of Defendant's Motion for Summary Judgment are adopted herein.
[2] To be enforceable, these clauses must be reasonably related as to time and geographical scope, and not unreasonably burdensome. *See Reed, Roberts Assocs, Inc. v. Strauman*, 40 N.Y.2d 303 (1976). In this case, the restrictive covenants contained no geographical limit, and therefore were unenforceable. In *Aqualife Inc. v. Leibzon*, the Court held that "the unlawful restrictive covenants appl[ied] to the entire country and even other countries in the world… imposed an undue hardship on the individual defendants … prohibited from selling any similar water products to anyone anywhere in the world." See *Aqualife Inc. Leibzon*, 50 Misc.3d 1206(A) (Sup.Ct Kings Co. 2016).

1

employment in the industry." See Defendant's ("Def.") Exhibit ("Ex.") E – AJR Tr. pp. 148:8-10 (over 1000 potential targeted sponsors); 148:20 - 149:3 (over 1000 investors). In its Opp. Papers, LMB did not refute these arguments.

Furthermore, LMB failed to raise an issue of fact that participants in Mr. Oliveira 's May 2018 event ("May event"), were in fact LMB's "clients," and therefore, Mr. Oliveira breached the non-solicitation provision.[3] In fact, LMB did not produce a shred of evidence to establish who its "clients" were, that during his employment with LMB, Mr. Oliveira had performed services for any of its alleged "clients" who participated in the May event, and that Mr. Oliveira obtained "confidential and/or proprietary information" about these alleged "clients" during his employment.

LMB attached a total of nine exhibits (a mere 99 pages) to its Opp. Papers. In his declaration, although LMB's counsel stated that he was "introducing certain documents," he made numerous unsupported representations about these exhibits. For example, he stated that "Exhibit A are emails by Plaintiff's client Vivaris Ltd.," however, there is no evidence in the record to establish that Vivaris was in fact LMB's "client," and that Mr. Oliveira was prohibited from inviting them to his event.

Next, LMB's counsel alleged that Plaintiff's ("Pl.") Ex. D is a document listing LMB's buy- side and sell-side "clients" who are listed as attending the May event. However, this exhibit does not state it's a list of clients, but instead, it is identified as "Exhibit A to Plaintiff's Revised First Request For Production of Documents." This document is merely a listing of 127 entities, and there is no evidence in the record to support that these were LMB's "clients," and that Mr. Oliveira was prohibited from inviting them to his event.

---

[3] Furthermore, LMB did not proffer any evidence whatsoever in its Opp. Papers, that during his employment Mr. Oliveira performed services for any of the alleged "clients" and/or had access to the "clients" confidential and proprietary information during the course of his employment. Therefore, LMB did not raise an issue of fact, or establish a breach of the non-solicitation clause. Employee Offer Letter ("Offer Letter") Def. Ex. C.

2

## II. **LMB'S DAMAGE CALCULATION IS COMPLETELY SPECULATIVE AND IMPROPER**

Breach of contract and misappropriation of trade secrets claims will be dismissed where the damages are speculative. *See Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp*, LLC, 813 F. Supp. 2d 489 (S.D.N.Y. 2011). The claimed damages may not be "speculative, possible, imaginary, … remote, or the result of other intervening causes." *Kenford Co. v. County of Erie*, 67 N.Y.2d 257 at 261, 502 N.Y.S.2d 131 (1986). They must instead be directly traceable to the breach. *Id.* They need not be determined with absolute certainty or mathematical precision, but they must be susceptible to measurement based on known reliable factors without undue speculation. *Ashland Mgm't Inc. v. Janien,* 82 N.Y.2d 395, 405-406, 604 N.Y.S.2d 912 (1993).

LMB's lost profit damage calculation is based on unsupported assumptions, not traceable to the alleged breach, and is completely speculative. In fact, LMB concedes that the calculation was not determined based upon "a precise listing of solicited clients." Tim Declaration ("Tim Decl.") at ¶ 35.

First, LMB does not attach to its Opp. Papers, any documents to establish who its "clients" were at the time of the breach. Although LMB alleged that its client information was maintained on excel spreadsheets, it did not submit a single spreadsheet to allege who its "clients" were at the time of the May event. Accordingly, without this proof, LMB has not raised an issue of fact that Mr. Oliveira wrongfully solicited LMB's clients. Furthermore, Plaintiff does not attach to its Opp. Papers, the amount each "client" paid for attending Defendant's event.

Next, LMB failed to produce evidence specifying Mr. Oliveira's revenue collected for conducting the event, and Mr. Oliveira's expenses incurred for operating the event. Accordingly, LMB has not established whether Mr. Oliveira's made a profit or incurred a loss for operating this

event, and Mr. Oliveira's failed to establish how much it would have earned if it conducted the same event.

### A. LMB's THEORY OF LOST PROFITS IN ITS OPPOSITION MUST BE STRICKEN

LMB concedes that since it has no evidence in support of a proper damage calculation, that at the 11th hour - "in preparing a response to our motion (sic)," Plaintiff developed an "alternative theory of lost profits." This "alternative theory" must be stricken because LMB has never produced any financial documents in support of this calculation. LMB alleges that it "review[ed] the records in its underlying accounting system to derive the numbers in Plaintiff's E." However, LMB never produced these records during discovery, and did not submit these documents in their Opp. Papers.[4]

Pl. Ex. E (damage calculation) is a complete fairytale, not based upon admissible evidence, but instead on unsupported conclusions.[5] TJR, Plaintiff's CFO, erroneously attempts to blame all of the "financial changes in [its] Latin American conferences," on Oliveira's solicitation of [its] customers.[6] However, as stated above, there is no proof in the record that Mr. Oliveira solicited LMB's "clients," and there is no nexus between the May event, and LMB's assertion that it had to cancel one event, and discontinue two other events, based upon Mr. Oliveira's alleged conduct.

TJR's declaration renders LMB's "damage theory" frivolous and unreliable.[7] The statement that "there were no other major changes in the company, the industry, or in the

---

[4] In addition to foregoing, LMB never produced a single document to support its allegation of lost profits, throughout the entire litigation, despite Mr. Oliveira's numerous requests.
[5] Furthermore, since LMB has not proffered any documents in support of Pl. Ex. E, this is nothing more than inadmissible hearsay.
[6] Of particular note, TJR testified that he did not consider Mr. Oliveira his best employee for selling conferences, but instead that he was somewhere in the middle of the pack. See Def. Ex. D – TJR Tr. pp. 205:2-15
[7] LMB's lost profits calculation referred to in TJR's Declaration should be stricken, since it is directly contradicting AJR's sworn deposition testimony. Although TJR alleged that LMB cancelled/discontinued its Latin America events, AJR testified that LMB continued to run these events, with an updated name, but content-wise were the same. AJR

4

background circumstances which would cause such a change" is beyond the pale. Tim Decl. at ¶ 37. TJR has no basis for this contention, and certainly cannot testify as both a fact witness and an expert witness. Of particular note, LMB waived expert discovery, and therefore, is precluded from producing an expert witness at trial in support of the above allegation.

LMB further alleges that based upon Mr. Oliveira's "solicitation," LMB was forced to discontinue one event and cancel an additional two events set to run in 2017. However, since LMB does not articulate when the three events were discontinued/cancelled, there is no causal connection between the "solicitation" and LMB's alleged damages. Furthermore, according to LMB, it takes at least one year to plan an event and Mr. Oliveira's earliest alleged "solicitation" in the record is in January 2017. Therefore, this could not have had any effect on LMB's decision to discontinue/cancel said events for 2017. Pl. Ex. A; Def. Ex. J – Interrogatory Ans. No. 1.

### B. LMB DID NOT ESTABLISH THAT THE PARTIES AGREED TO LOST PROFITS IN THE EVENT OF A BREACH

In addition to the above, LMB failed to refute that the parties never agreed to lost profits in the event of a breach. More specifically the following arguments were not refuted:

- injunctive relief was the sole remedy agreed upon by the parties;

- The offer letter stated the following:
"you agree that in the event of a breach…, the Employer shall be entitled to injunctive relief…to remedy any such breach…, and you acknowledge that damages would be inadequate and insufficient." Offer Letter at pg. 4, Ex. C;

- LMB never moved for injunctive relief, and the alleged restrictive covenant period has expired; and

- LMB drafted the offer letter, without the assistance or negotiation by Mr. Oliveira, which stated that this was the "entire understanding of the parties." Offer Letter at pg. 4, Ex. C.

---

did not testify that the events were cancelled/discontinued based upon Mr. Oliveira's alleged "solicitation." Tim Decl. at ¶ 36; Def. Ex. E, AJR Tr. 98:14-24.

5

Based upon the above, as a matter of law, LMB cannot be awarded lost profits.

**III.  LMB HAS NOT PROFFERED ANY EVIDENCE THAT IT POSSESSED TRADE SECRETS, MAINTAINED TRADE SECRETS, AND/OR THAT MR. OLIVEIA MISAPPROPRIATED TRADE SECRETS**

The Amended Complaint must be dismissed in its entirety since LMB cannot establish that it possessed, maintained, and/or that Mr. Oliveira misappropriated alleged trade secrets.  In the Amended Complaint, LMB alleges that Mr. Oliveira breached the "agreement," by using Plaintiff's "client list" and that he used said list after his employment with LMB.  LMB failed to proffer any evidence in support of these allegations.  LMB did not produce a copy of its "client list" and/or documentary/testimonial evidence that Mr. Oliveira removed a hard copy/electronic copy of the client list at any time during his employment.  LMB alleges that Mr. Oliveira had "nonpublic information" on his phone.  However, LMB did not proffer evidence of this allegation, and Mr. Oliveira never conceded that he had a "client list" on his phone, but rather on certain occasions he was required to use his personal phone to forward LMB's emails, because LMB did not supply phones to its employees.  Since LMB did not have an actual client list to proffer into evidence, LMB changed gears, and abandoned its argument that Mr. Oliveira used and misappropriated said client list.

For the first time since the inception of this litigation, after all paper discovery and depositions were completed, LMB alleged that its trade secrets were certain "nonpublic information" gathered from communications with its "clients."  LMB alleged that it stored in excel spreadsheets "nonpublic information" about its clients including, job descriptions, levels of spending authority, role in acquiring products like ours…..hobbies and sports." Tim Decl. at ¶ 15.

Of particular note, LMB did not produce a single excel spreadsheet with this allegedly utilized information, did not submit proof that Mr. Oliveira removed hard copies/electronic copies

of these spreadsheets at any time during his employment, and did not submit proof that Mr. Oliveira used any of these spreadsheets to "solicit" LMB's "clients." [8]

Furthermore, LMB conceded that nearly all of its employees had access to these spreadsheets, and that the spreadsheets were not marked confidential, proprietary, and/or trade secrets. Based upon the foregoing, LMB did not establish that the alleged "nonpublic information" was a trade secret, and that Mr. Oliveira misappropriated this information, and used this information for his May event.

## IV. LMB's FRIVOLOUS REQUEST FOR DISCOVERY UNDER RULE 56(d) SHOULD BE DENIED IN ITS ENTIRETY

Rule 56(d) requests for discovery by parties who are dilatory in pursuing discovery are disfavored.[9] *Sura v. Zimmer Inc.*, Case No. 18-1464 (2d Cir. 2019).

### A. LMB NEGLIGENTLY FAILED TO PURSUE DISCOVERY IN A TIMELY MANNER, AND THEREFORE, MUST BE PRECLUDED FROM DOING SO AT THIS TIME.

LMB incredulously requests that the instant motion for summary judgment should be denied so that they can conduct discovery, which they failed to pursue in a timely manner. In fact, LMB was not just dilatory in pursuing discovery, they were negligent, since they had numerous opportunities and more than sufficient time, to request the subject information during this litigation, compel it by motion, if necessary, but instead waited until after the final fact discovery deadline of March 15, 2019 to apprise the Court of their unsubstantiated concerns.

The following facts are undisputed. The Amended Complaint was filed on June 8, 2018. (Docket #16). LMB served its very first set of Interrogatories on March 25, 2019. Pl. Ex. C, Def.

---

[8] Moreover, LMB's opposition is based entirely on TJR's sham declaration, not TJR's personal knowledge or deposition testimony of the parties.
[9] LMB cited to Fed R. Civ. P. Rule 56(f) in their Opp. Papers, however, this rule was amended in 2010, and is now Fed R. Civ. P. Rule 56(d).

Ex. L. Accordingly, the information that LMB is now seeking at this very late stage, was requested *more than nine months after* the Amended Complaint was filed and served.

LMB was legally mandated to serve Interrogatories by June 15, 2018, in accordance with this Court's Scheduling Order dated May 9, 2018 (Docket #12). It is undisputed that LMB never served a First Set of Interrogatories by that date, and instead waited eleven days after all depositions were completed on March 14, 2019 to serve the instant Interrogatories.[10] Of particular note, the Interrogatories did not concern facts discovered at the deposition, but instead facts that LMB was aware at the commencement of this litigation. Furthermore, these Interrogatories were not limited in scope, but concerned 175 entities, and each Interrogatory contained eight sub-parts. Accordingly, these exhaustive Interrogatories demanded hundreds of responses. LMB also had the opportunity to request a stay of the March 15, 2019 fact discovery deadline, but failed to do so.

Moreover, on April 9, 2018, Justice Woods' referred the case to Magistrate Judge Lehrburger for "General pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)" (Docket #10). On April 8, 2019, Judge Woods denied LMB's application to delay the summary judgment motion briefing, holding, "The Court declines to compel Defendant to respond to Plaintiff's post-deposition interrogatories because it has referred discovery-related disputes to Magistrate Judge Lehrburger." (Docket #43). Instead of complying with Justice Woods' April 9, 2018 (Docket #10) and April 8, 2019 (Docket #43) Orders, LMB never timely

---

[10] LMB did not attempt to gather any of this information at Mr. Oliveira's deposition on March 14, 2019, which included only approximately four and half hours of testimony, Def. Ex. F.

brought this issue to Magistrate Judge Lehrburger's attention, and instead waited until after Mr. Oliveira filed his moving papers, albeit in a procedurally inappropriate fashion.

Based upon LMB's negligence and dilatory conduct, LMB's application should be denied in its entirety.[11]

## B. LMB FAILED TO ESTABLISH THE PROCEDURAL REQUISITES FOR RULE 56(d) RELIEF

The movant in a Rule 56(d) motion has the burden of convincing the Court that additional discovery is required. Rule 56(d) requires the opponent of a motion for summary judgment who claims to be unable to produce evidence in opposition to the motion to file an affidavit explaining: 1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful. *See Paul Kadair, Inc. v. Sony Corp. of America,* 694 F.2d 1017 (5th Cir. 1983); *see also SEC v. Spence Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir. 1980) (must explain inability to obtain facts and demonstrate how postponement will correct problem; cannot rely on vague assertions regarding nature of facts to be discovered). LMB failed to attach a Rule 56(d) Affidavit to their Opp. Papers, and TJR's declaration does not satisfy the elements of the statute. In fact, a review of the declaration makes clear that LMB has completely ignored their statutory obligation, and has failed to "identify the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained," failed to allege "how those facts are reasonably expected to create a genuine issue of material fact"; failed to articulate "what efforts the affiant has made to obtain those facts" and finally, "why those efforts were unsuccessful" through no fault of their own.

---

[11] The application should also be denied on the grounds that LMB did not cross-move for relief.

Accordingly, LMB failed to establish the procedural requisites of Rule 56(d). *See, e.g.*, *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151–52 (2d Cir. 2016) (affirming the denial of a Rule 56(d) motion where the movant "failed . . . to explain his basis for believing that [the] documents exist" and noting that "[s]uch bare generalized assertions cannot justify delaying the resolution of a summary judgment motion") and "for the straightforward reason that Rule 56(d) does not permit Plaintiff to engage in a "'fishing expedition' in the hope that he could come up with some tenable cause of action"; *Lunts v. Rochester City School District,* 515 F. App'x 11, 13–14 (2d Cir. 2013) ("[F]ailure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery 'is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994))); *Hoffmann v. Airquip Heating & Air Conditioning*, 480 F. App'x 110, 112 (2d Cir. 2012) (rejecting 56(d) application where "attorney's Rule 56(d) affidavit lacked any particularity as to how the facts sought would create an issue of material fact and made no attempt to explain the efforts Plaintiff made to obtain those facts during the time provided for discovery").

## CONCLUSION

For all the foregoing reasons, Mr. Oliveira respectfully requests that the Court enter an order: (1) granting Mr. Oliveira's Motion for Summary Judgment; (2) dismissing the First and Second Cause of Action of LMB's Amended Complaint (i.e. Breach of Employment Agreement and Misappropriation of Trade Secrets Claims); and (3) granting all other relief to which Mr. Oliveira is entitled.

Date:   May 28, 2019

                                            Respectfully submitted,

By:   *Jeffrey Risman*
       Jeffrey Risman
       30 Vesey Street, 6th Floor
       New York, NY 10007
       (212) 233-6400